AULL, Defendant in Error, *vs.* THE CITY OF LEXINGTON, Plaintiff in Error.

1. A city ordinance, giving the board of health a general supervision over the health of the city, *was held* to include the power to rent a building to be used as a hospital, to protect the city from the infection of cholera.

*Error to Lafayette Circuit Court.*

*Troxell*, for plaintiff in error.
*Hicks*, for defendant in error.

GAMBLE, Judge, delivered the opinion of the court.

1. The corporate authorities of the city of Lexington passed an ordinance on the 18th June, 1851, by which certain physicians named in the ordinance were constituted a board of health. The board was authorized to appoint a committee who should make an examination of the city and report the result of such examination to the board. The committee was vested with au-

thority to cause the removal of nuisances, and provision was made for the recovery of the expenses of such removal, where the owners of the property failed to remove them themselves.

The duty of the board of health is thus summarily stated in the ordinance : "It shall be the duty of the board of health to exercise a general supervision over the health of the city, and from time to time make such report to the mayor and city council as they may deem necessary ; and said board are hereby vested with all power necessary to carry the provisions of this ordinance into effect." This clause is the only one in the ordinance, except that which authorizes the appointment of a committee, in which any power is expressly conferred upon the board.

The power of " general supervision over the health of the city," is very indefinite, and when it is found to be the principal power conferred upon a board of health, it is evident that the council of the city designed to comprehend more than a mere authority to examine into the condition of the health of the city, and advise the measures necessary for its preservation. The power is such, that the council thought it requisite to invest the board with all power necessary to carry it, as the principal clause of the ordinance, into effect. The power is intended to be an active, efficient power, to be exercised for the public good, and in its scope it reaches to whatever may be necessary to the preservation of the public health. To limit it to devising measures which are to be reported to the council, would be inconsistent with the design of granting powers to carry the ordinance into effect.

The board of health, under this ordinance, rented from the plaintiff, Aull, for six months, a warehouse, to be used as an hospital for such persons as might be landed in the city laboring under cholera, and agreed to pay a certain rent therefor. Fortunately for the citizens of Lexington, it did not become necessary to use the house for that purpose, and now the city refuses to pay the rent, on the ground that the board of health had no authority to make the contract.

In the decision of the Circuit Court it is found as a fact, "that, at the time said house was rented, it was necessary to protect the citizens from the infection of cholera, to provide a house in which to place persons landed from steamboats infected with cholera, having no place of residence in the city."

In construing this ordinance, we must suppose that it was intended to confer useful powers upon the board, and that the general terms of the grant were employed for the purpose of making the powers as extensive as the necessities and dangers of the community appeared to require. When, then, the necessity existed for a house to be used as an hospital, as has been found in the present case, we think it must have been within the contemplation of the ordinance that the board should exercise the power of renting such house.

The judgment of the Circuit Court is affirmed.