## GAINES *v*. WATERS.

### Opinion delivered January 8, 1898.

APPEAL—PRESUMPTION AS TO FINDING.—A chancellor's finding of facts which appears to have been based in part upon oral evidence will be presumed correct when such oral evidence is not brought upon the record by bill of exceptions or otherwise. (Following *White* v. *Smith*, 63 Ark. 513.) (Page 611.)

NUISANCE—POWER OF BOARD OF HEALTH TO ABATE.—Under the power given to municipal corporations to abate nuisances, and to establish boards of health, and invest them with such power "as shall be necessary to secure the city, and the inhabitants thereof, from the evils of contagious, malignant and infectious diseases" (Sand. & H. Dig., §§ 5132, 5203), a city is authorized to confer upon its board of health power to abate nuisances dangerous to the health of the inhabitants of the city. (Page 611.)

Appeal from Garland Chancery Court.

LELAND LEATHERMAN, Chancellor.

39

*Wood & Henderson*, for appellants.

The board of health has no power to adjudicate or abate nuisances. The city council alone has this power, and it cannot delegate it. Sand. & H. Dig., §§ 5132, 5203; 29 Am. Rep. 105, and note; 30 Am. Rep. 776; 37 Am. Dec. 271, and note; 96 Am. Dec. 311, and note; Wood, Nuisances (2 Ed.), 820. But even if the board of health had such power, the house in this case was not a nuisance *per se*. 16 Am. & Eng. Enc. Law, 937, and notes; Wood, Nuisances (2 Ed.), 24, 25. The official declaration of appellees could not make it so. 41 Ark. 526; 52 Ark. 23; 10 Wall. 497; 19 L. R. A. 197 and 802; 23 L. R. A. 481; 29 *ib.* 303; 5 Am. Rep. 242; 50 *ib.* 334; Wood, Nuisances, 740; Cooley, Const. Lim. (5 Ed.) 72, 742; 10 Wall. 497. If said house was a nuisance, it was not such as required destruction, in order to abate or remedy it. 1 Greene (Iowa), 247; 50 Wis. 681; 26 Am. Dec. 444; 14 Pa. St. 503; 24 Iowa, 35; 92 Am. Dec. 458; Wood, Nuisances (2 Ed.), 814 and 819. If the house was a nuisance at all, it was a public nuisance, and appellees had no authority to destroy it. 16 Am. & Eng. Enc. Law, 991, and note 4; Cooley, Torts, 46.

*Greaves & Martin*, for appellees.

The bill of exceptions is not filed as a part of the record in this case, and within the time prescribed. This is imperative. 58 Ark. 110, and cases cited; 42 Ark. 488; 39 Ark. 558; 38 Ark. 481; 35 Ark. 230. If the bill of exceptions in the record does not purport to contain all the evidence, this court will presume that the facts were sufficient to justify the findings of fact made by the trial court. 44 Ark. 76; 59 Ark. 254; 54 Ark. 159. The city had power to delegate the abatement of nuisances to the board of health. Sand. & H. Dig., §§ 5132, 5203; 56 Conn. 216; 51 Conn. 80; 18 Ark. 352; 35 Ark. 254; 12 Pick. (Mass.) 184; 43 Ala. 398; 14 Lea (Tenn.), 622; 15 Wend. (N. Y.) 397; 15 Wend. 263; 99 Pa. St. 306; 100 Ind. 575; 37 N. E. 418. The house was a nuisance *per se*, and any one had a right to abate it. 18 Ark. 252; 1 Hilliard, Torts, 605; 1 Bish. New Cr. Law (8 Ed.), 828; 1 Am. & Eng. Enc. Law (2 Ed), 81, and cases cited

RIDDICK, J.    This is an action brought by appellants to enjoin W. W. Waters, mayor, and T. J. Laughlin, chief of police of Hot Springs, and other parties from tearing down and removing a certain building in said city owned by appellants. The defendants for answer stated that they were acting under the orders of the board of health of Hot Springs, which had declared said house to be a nuisance, dangerous to the health of the city, and had ordered it to be removed.    It was also alleged that the house was in fact a nuisance; that it was in a dilapidated, decayed and filthy condition; that during a recent epidemic of smallpox many cases of such malady had developed and existed among the occupants of said house, and that, by reason of the condition of said house, it could not be thoroughly disinfected, and was a source of constant danger to the inhabitants of the city, and that its removal was therefore necessary.

The case was heard in part upon evidence taken orally before the court.    After a decree against them, the appellants were allowed sixty days in which to file their bill of exceptions showing such evidence, but failed to do so within the time allowed, and we must therefore presume that the findings of fact made by the chancellor were based upon competent and sufficient evidence.    *White* v. *Smith*, 63 Ark. 513.

Now the chancellor found from the evidence before him that the city council of Hot Springs had established a board of health for said city, and invested it with power to abate nuisances dangerous to the public health, and that the house of appellants was a nuisance of that kind; further that it was necessary to remove the house to abate the nuisance, and that for this reason the board of health of the city had ordered it to be removed.

These findings of fact being taken as correct, the only question left for us to decide is whether the city council could confer upon the board of health of the city power to order the abatement of a nuisance dangerous to the public health.    Our statute provides that municipal corporations ''shall have power to prevent injury or annoyances within the limits of the corporation from anything dangerous, offensive or unhealthy, and to cause any nuisance to be abated within the jurisdiction given to the board of health."    Sand. & H. Dig., § 5132.

Another section provides that the city council shall have power to establish a board of health, and to "invest it with such power, and impose upon it such duties, as shall be necessary to secure the city, and the inhabitants thereof, from the evils of contagious, malignant and infectious diseases, to provide for its proper organization and the election or appointment of the necessary officers, and to make such by-laws, rules and regulations for its government and support as shall be required for enforcing the prompt and efficient performance of its duties, and the lawful exercise of its powers." Sand. & H. Dig., § 5203. We are of the opinion that the effect of these provisions of the statute is to authorize the city council to confer upon the board of health power to abate nuisances dangerous to the health of the inhabitants of the city.

As stated by the chancellor in deciding this case, "a board of health is an instrumentality of the city, and the city has the right to make general rules to be carried out by the board of health as its agent." The board being but an agency of the city, its acts in reference to the abatement of a nuisance is, in effect, the act of the city itself.

The contention that the city council could not delegate to the board of health the power to determine judicially that a certain structure or other thing is or is not a nuisance has no bearing on the case, for the reason that the council itself had no such power, nor does the board of health, in abating nuisances, exercise judicial powers, within the usual meaning of such term. There is no requirement that parties interested shall be given notice and an opportunity to be heard, nor does the statute contemplate a judicial hearing before the city council or board of health in matters of this kind. The language of the statute is that municipal corporations shall have power to cause "any nuisance to be abated." There is no authority to destroy property not a nuisance, and the resolution of a board of health that a house is a nuisance does not make it a nuisance unless it be one in fact, nor is such resolution a judicial determination of that question. *Ward* v. *Little Rock*, 41 Ark. 526; *Cole* v. *Kegler*, 64 Iowa, 59; 1 Dillon, Municipal Corporations, § 374.

It follows, therefore, as a matter of common prudence,

that in summary proceedings by a city council or board of health to abate a nuisance, when the opposing party has no opportunity to be heard, great caution should be exercised that property may not be unnecessarily destroyed; and, further, for the reason that if it should turn out that a house declared by either of those bodies to be a nuisance was not such in fact, and its removal unnecessary, those removing it might become liable for an action in damages. *Cole* v. *Kegler*, 64 Iowa, 59; *McKibbin* v. *Fort Smith*, 35 Ark. 352.

Finding no error, the judgment of the chancery court dismissing the complaint is affirmed.