WATERS *v.* TOWNSEND.

Opinion delivered November 12, 1898.

1.  BOARD OF HEALTH—POWER.—A board of health, in abating a nuisance, is not exercising either judicial or legislative power.   Page 615.)

2.  SAME.—A city council may confer upon its board of health power to abate nuisances dangerous to the public health.   (Gaines *v.* Waters, 64 Ark. 609, followed).   (Page 615.)

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

STATEMENT BY THE COURT.

Appellee, J. A. Townsend, was the owner of a house and lot in the city of Hot Springs.   The board of health of said city, composed of W. W. Waters and other appellants, caused this house to be torn down and removed.   Townsend thereupon brought this action against them to recover damages occasioned to him by the removal of such house.   The defendants for answer alleged that, by the laws and ordinances of the city of Hot Springs, they constituted the board of health of said city, charged with the duty of preserving the sanitary condition thereof, and with the removal of nuisances dangerous to the health of the inhabitants.   It was also alleged in substance that the house in question was a nuisance; that it was in a dilapidated, decayed and filthy condition; that it was used in part as a cheap boarding house; that during a recent epidemic of smallpox many cases of such disease had existed among the inmates of such house, and that, by reason of the condition of said house, it was impossible to disinfect the same and render it safe for human occupancy; and that said house was a constant

source of danger to the inhabitants of said city, and that its removal was necessary. There was evidence at the trial tending to support the allegations of the answer.

The circuit judge, among other instructions, gave at request of plaintiff the following instruction, to which defendants objected and afterwards duly excepted: "4. The law provides that the city council, by proper proceedings, may abate a nuisance, but the city council had no authority to delegate to the board of health the power to say that the plaintiff's house was a nuisance, and then to tear it down as such, without some ordinance or resolution of the city council declaring it to be a nuisance and directing its abatement as such. And if you find that the defendants, acting in their official capacity as the board of health, passed a resolution declaring said house a nuisance, and, without further authority from the city council, had the same destroyed, their acts in so destroying said house were unauthorized, and they are liable therefor as individuals." The same view of the law was conveyed in other instructions given by the presiding judge, but it is unnecessary to set them out. There was a judgment in favor of plaintiffs, from which defendants appealed.

*Greaves & Martin*, for appellants.

The city council has power to authorize the board of health to abate nuisances. 44 S. W. 353. As to extent of authority of private persons to abate nuisances, see Bish. Non-Cont. Law, §§ 430, 754, 755, 756, 1322, 1323; 1 Am. & Eng. Enc. Law (2 Ed.), 81.

*Wood & Henderson*, for appellee.

Municipal corporations have only the powers delegated to them by the government. 108 U. S. 110; 145 U. S. 135; 27 Ark. 467; 45 Ark. 454; Wood, Nuis. 820; 13 Am. Dec. 100. The authority to abate nuisances, being of a legislative character, can not be delegated. 15 Am. & Eng. Enc. Law, 1043, and note; 29 Am. Rep. 105; 30 Am. Rep. 776; 37 Am. Dec. 271, and note; 96 Am. Dec. 311, and note; 84 *id*. 314; 79 *id*. 686; 37 *id*. 627, 628, 629; 37 Am. St. Rep. 522; 16 Am. St. Rep. 813; 19 *id*. 658. The court's instructions were correct. Wood, Nuis. 794, 795, 816; Cooley, Torts. 46; 1 Am. & Eng.

Enc. Law, 80. The abatement was excessive, even if it had been at all justified. 1 Am. & Eng. Enc. Law, 84, 85, and notes; 16 Am. St. Rep. 13; 1 Greene (Ia.), 247; 50 Wis. 681; 26 Am. Dec. 444; 14 Pa. St. 306; 25 Pa. St. 503; 24 Ia. 35; 92 Am. Dec. 458; Wood, Nuis. 819.

RIDDICK, J., (after stating the facts). The question presented by this appeal is, whether a city council can confer upon the board of health power to abate nuisances dangerous to the public health. The circuit judge charged the jury at the trial that the city council had no such power, but that was before the case of *Gaines* v. *Waters* was determined by this court. We said there that the "contention that the city council could not delegate to the board of health the power to determine judicially that a certain structure is or is not a nuisance has no bearing on the case, for the reason that the council itself had no such power, nor does the board of health, in abating nuisances, exercise judicial powers, within the usual meaning of such term." *Gaines* v. *Waters*, 64 Ark. 609; *Cole* v. *Kegler*, 5 Am. & Eng. Corp. Cases, 361, and note.

We think it equally clear that counsel for appellee are mistaken in their contention that the power to abate a nuisance is a legislative power. "Legislative power is the power to enact laws, or to declare what the law shall be," (Anderson's Law Dictionary.) It is the power to enact new rules for the regulation of future conduct, rights and controversies. Cooley on Const. Lim. 110–112. It is very plain that the board of health does not, in abating a nuisance, exercise any such power.

The legislature has expressly conferred upon the city council legislative power in the matter of creating a board of health, and has authorized the council to invest the board "with such powers, and impose upon it such duties, as shall be necessary to secure the city and the inhabitants thereof from the evils of contagious, malignant and infectious diseases." The powers which the council is thus authorized to confer upon the board are not specifically enumerated, further than they must be such only as "shall be necessary to secure the city and the inhabitants thereof from the evils of contagious, malignant and infectious diseases." From the language used we do not think that the legislature intended that the functions of the board should be advisory only, but

that it intended to authorize the council to confer upon the board such limited discretionary and executive powers as might be necessary to effect the purpose for which the board was created. *Aull* v. *City of Lexington*, 18 Mo. 401. Within the limitations named, a discretion is given the city council. The power to abate nuisances dangerous to the public health comes, as we think, fairly within the limitations imposed by the statute. We therefore adhere to our former ruling that the city council may confer upon the board of health power to abate such nuisances. *Gaines* v. *Waters*, 64 Ark. 609; *Cole* v. *Kegler*, 5 Am. & Eng. Corp. Cases, 361, and note.

The nuisance must be one the abatement of which tends to protect the city and the inhabitants thereof from the evils of contagious, malignant and infectious diseases. The council could not confer upon the board power to abate a nuisance which tended only to injure property rights or the morals of the inhabitants of the city; it must be one affecting the public health.

It follows, from what we have said, that, in our opinion, the circuit judge erred in instructing the jury. The judgment is therefore reversed, and a new trial is ordered.