Ross, Graham and Logan v. State.

Opinion delivered October 12, 1931.

386

*Evans & Evans,* for appellants.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

McHaney, J. The prosecuting attorney filed with the clerk of the circuit court, on June 19, 1931, three separate petitions, one against each appellant, to abate as a nuisance the business of each appellant. It was alleged that they were operating "snooker" halls or parlors in Booneville, in violation of the laws of the State; that gambling was permitted; that children under the age of 18 were permitted to play and loiter therein; that "snooker" parlors are in fact pool rooms operated under that name as a shield from its reality; that the reputation of such places is bad, and that they are kept open late at night, all to the detriment of public morals and welfare of the citizenship of Logan County and the State of Arkansas. Further "that they are truly a public nuisance." An order was prayed abating each of them as a nuisance. A demurrer was interposed by each appellant challenging the sufficiency of the petition and the jurisdiction of the court to abate their places of business as a nuisance on the said petition, which was overruled by the court. Motions were thereupon made to transfer to equity and overruled. Separate responses were filed denying all the allegations of the petition, and request was made for trial by a jury, which the court also denied. The cases were consolidated, tried before the court, and a finding made against appellants that they were operating places of business which were public nuisances and should be abated. An order was made and entered directing the sheriff to close each place until the further order of the court, "and that the gambling devices, the pool tables, balls and cues be held by him until the regular August, 1931, term of this court."

This appeal challenges the validity of this order.

The evidence taken on the trial, brought into the record by bill of exceptions, is not in conflict. It shows that "snooker" is a game very much like pool, played on a pool table with balls and cues, but with more balls, twenty, instead of fifteen, as in pool, and is a more scientific game. The charge made by the house is 5 cents per cue per game, and, by an arrangement between or among the players, the loser pays for the game, with the knowledge and consent or acquiescence of the house. A few minors have been seen to play, but no drinking, vulgar or profane language is permitted, nor is gambling on the games allowed, except as it may be so in permitting the loser to pay for the game. Each appellant has been paying a small license charge to the city. This is the substance of all the evidence.

It appears to us that, in effect, this is a suit in the circuit court by the prosecuting attorney in the name of the State, to enjoin appellants in the further conduct of their places of business as it is alleged they were conducted. Did the circuit court have jurisdiction?

By act 469 of 1921, p. 993 of said acts, it is made unlawful "to operate for hire any billiard hall or pool room within three miles of any church or school in Logan and Craighead Counties." A violation of this act is made a misdemeanor, punishable by fine of from $50 to $200, and each day's operation is made a separate offense. It was found by the court that the game called "snooker" is a form of pool, and that the places so operated are pool rooms, and are in violation of said act above mentioned. Said act does not declare pool rooms to be public nuisances, nor does it attempt to confer jurisdiction on the circuit court to abate them. A violation of the act is made a misdemeanor, subjecting the misdemeanant to severe penalties, after a prosecution and conviction. This act, therefore, does not sustain the action of the court in this case.

It appears, however, that the circuit court relied somewhat on the decision of this court in *Marvel* v. *State*

*ex· rel. Morrow,* 127 Ark. 595, 193 S. W. 259, 5 A. L. R. 1458. But we fail to find there any support for the learned trial court's action. The question there was the constitutionality of act 109, p. 408, Acts 1915, making the business of selling intoxicating liquors illegally in any building structure or place within this State a public nuisance, and enjoining upon the circuit and chancery courts of the State the duty·of abating them. The act was held valid, by a divided court, on the ground that no additional jurisdiction was conferred on chancery courts by the act, but that a new condition had been prescribed upon which its ancient jurisdiction might be exercised. The court said: ''The act is remedial in its nature, and, while the Legislature cannot enlarge or restrict the jurisdiction of chancery courts, it is entirely within the province of the Legislature to prescribe the procedure for the exercise of this jurisdiction, and to prescribe new conditions under which that jurisdiction may be exercised. The Legislature has not conferred the jurisdiction upon·the chancery court to abate public nuisances. This jurisdiction they have always had.'' The court in that case distinguished its previous holdings in *Hester* v. *Bourland,* 80 Ark. 145, 95 S. W. 992; and other cases including *Walls* v. *Brundidge,* 109 Ark. 250, 160 S. W. 230, Ann. Cas. 1915C, 980, from its then holding as above stated.· In *State* v. *Vaughan,* 81 Ark. 117, 98 S. W. 685, it was held that, quoting syllabus, ''Injunction will not lie at the instance of the State to restrain an indictable public nuisance, unless the nuisance is one touching civil property rights or privileges of the public, or the public health is affected thereby, or some other ground of equity jurisdiction exists calling for the injunction.'' This·doctrine.was reaffirmed in *Lyric Theater* v. *State,* 98 Ark. 437. 136 S. W. 174. 33 L. R. A. (N. S.) 325.

Whether the ''snooker'' parlors operated by appellants are in reality pool rooms, as the court found, cannot affect the matter, except that, if they are pool rooms, they may be prosecuted under the act above mentioned. It appears, however, that they may be also

operating a gambling device, under the decision of this court in *State* v. *Sanders,* 86 Ark. 353, 111 S. W. 454, 19 L. R. A. (N. S.) 913.

We conclude therefore that the circuit court was without jurisdiction in the premises, and the case will be reversed, and the proceedings dismissed.