## SOUTHLAND THEATERS, Inc. et al v. STATE of Arkansas ex rel Jim Guy TUCKER, Prosecuting Attorney

5-6230                                                        492 S.W. 2d 421

### Opinion delivered April 9, 1973

*Judith Rogers* and of counsel, *Frierson M. Graves Jr.,* Memphis, for appellants.

*Jim Guy Tucker,* Atty. Gen., by: *Gene O'Daniel,* Asst. Atty. Gen., for appellee.

*Morton Gitelman,* for American Civil Liberties Union, Amicus Curiae.

George Rose Smith, Justice. This proceeding in the chancery court was brought by the Prosecuting Attorney

of the Sixth Judicial District to enjoin the appellants, Southland Theaters, Inc., and its employees, from showing four assertedly obscene motion pictures at Southland's theater in North Little Rock. The complaint asserts that the exhibition of the films constitutes a public nuisance, that the State's criminal remedy is inadequate, and that the showing of the films should be enjoined pursuant to Ark. Stat. Ann. § 34-101 (Repl. 1962). This appeal is from a decree finding the exhibition of the films to be a public nuisance and enjoining the appellants from showing either the four films in question or any similar films in the future.

We must sustain the appellants' contention that the chancery court has no jurisdiction in a proceeding such as this one. Act 411 of 1967 makes the showing of obscene films a felony, punishable by a fine of not more than $2,000 and imprisonment for from one to five years. Ark. Stat. Ann. §§ 41-2729 *et seq.* (Supp. 1971). Act 411, however, is an exclusively criminal statute, containing no reference to any civil remedy.

We find no merit in the appellee's argument that the exhibition of the films may be abated as a public nuisance under the provisions of Ark. Stat. Ann. § 34-101. The only pertinent language in that statute has to do with the operation of "roadhouses and similar places of entertainment" in violation of law. The statute is penal and must be strictly construed. *Mini-Art Operating Co. v. State,* 253 Ark. 364, 486 S.W. 2d 8 (1972). When so construed, the statutory reference to roadhouses and similar places of entertainment cannot be interpreted to include motion picture theaters.

Laying the statute aside, there is no basis for equitable jurisdiction in a proceeding of this kind. In a parallel case, involving an attempt by the prosecuting attorney to enjoin the operation of a gambling house in violation of the criminal law, we said: "A chancellor has no criminal jurisdiction. Something more than the threatened commission of an offense against the law of the land is necessary to call into exercise the injunctive powers of the court. There must be some interferences, actual or threatened, with property or rights of a pecuniary nature . . . Per-

sons charged with crime are entitled to a jury trial, and this right must not be taken from them under guise of an injunction against a nuisance." *State* v. *Vaughan,* 81 Ark. 117, 98 S.W. 685, 7 L.R.A. (n. s.) 899, 118 Am. St. Rep. 29, 11 Ann. Cas. 277 (1906); see also *Lyric Theater* v. *State,* 98 Ark. 437, 136 S.W. 174, 33 L.R.A. (n.s.) 325 (1911). Here neither the pleadings nor the proof shows any independent nonstatutory basis for equity jurisdiction. The State's remedy lies in the enforcement of the criminal law rather than in a resort to the civil courts.

Reversed and dismissed.