SOUTHLAND THEATERS, INC.—ARKANSAS, JOY TWIN THEATERS, ROBERT LUNDRY AND ANY AND ALL OTHER EMPLOYEES *v.* STATE OF ARKANSAS, EX REL. JIM GUY TUCKER

73-18                               495 S.W. 2d 148

Opinion delivered June 4, 1973

*Judith Rogers* and, of Counsel, *Frierson M. Graves Jr.,* Memphis, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Lonnie A. Powers,* Asst. Atty. Gen., for appellee.

J. FRED JONES, Justice. This is an appeal by Southland Theaters, Inc.—Arkansas, Joy Twin Theaters, Robert Lundry and other employees, from a judgment of the Pulaski County Circuit Court, Criminal Division, enjoining the appellants from operating the Joy Twin Theaters in Pulaski County, Arkansas, and abating the operation of the theater and premises, as a public nuisance.

The facts appear as follows: On May 4, 1972, the prosecuting attorney in Pulaski County filed a petition in the criminal division of the circuit court, against the appellants in this case, to abate the operation of the theater as a nuisance under Ark. Stat. Ann. §§ 34-101—41-3207 (Repl. 1962 and 1964). The petition alleged the exhibition of specifically titled and designated obscene moving picture shows in violation of Ark. Stat. Ann. § 41-2729 (Supp. 1971). The record on appeal in the case at bar, was not filed in this court until January 23, 1973. In the meantime, on August 30, 1972, the prosecuting attorney filed a similar petition against the same parties in the Pulaski County Chancery Court alleging that the showing of the films constituted a nuisance and

should be enjoined pursuant to § 34-101. The petition was granted by the chancellor in that case and the appeal from the chancellor's decree was submitted in this court while the appeal in the present case was still pending. Our opinion in the chancery case was delivered on April 9, 1973, *Southland Theaters, Inc.* v. *State,* 254 Ark. 192, 492 S.W. 2d 421, and our opinion in that case is determinative of the issues raised in the case at bar. In our opinion in the chancery case, we said:

> "We find no merit in the appellee's argument that the exhibition of the films may be abated as a public nuisance under the provisions of Ark. Stat. Ann. § 34-101. The only pertinent language in that statute has to do with the operation of 'roadhouses and similar places of entertainment' in violation of law. The statute is penal and must be strictly construed. *Mini-Art Operating Co.* v. *State,* 253 Ark. 364, 486 S.W. 2d 8 (1972). When so construed, the statutory reference to roadhouses and similar places of entertainment cannot be interpreted to include motion picture theaters."

There is little material difference in the chancery case and the case at bar. The chancery case was in the nature of a civil action brought under the provisions of § 34-101 the pertinent portion of which, reads as follows:

> ". . . [T]he conducting, maintaining, carrying on, or engaging in the operation of any so called roadhouses or other similar places of entertainment, or of any so called tourist camp, or of any public dance hall or place, or of any nudist camp or club or building or place used to practice nudism, in violation of any of the laws of this State, and all means, appliances, fixtures, appurtenances, materials and supplies used for the purpose of conducting, maintaining, or carrying on of either of such unlawful or unlawfully operated businesses or occupations or practices or places of business or occupation or practice, are hereby declared to be public nuisances, and may be abated under the provisions of this Act. . . ."

In the case at bar the state alleged the violation to be under Ark. Stat. Ann. § 41-2729 (Supp. 1971) which provides as follows:

"Hereafter, it shall be unlawful for any person knowingly to exhibit, sell, offer to sell, give away, circulate, produce, distribute, attempt to distribute, or have in his or her possession any obscene film."

This statute then defines "person" to mean any individual, partnership, firm, association or club, corporation or other legal entity, and the penalty for violation is fixed by § 41-2731 as a fine of not more than $2,000 or imprisonment for not less than one year nor more than five years, or both such fine and imprisonment. Mere possession constitutes a misdemeanor under § 41-2731 and is punishable by a fine of not more than $1,000 or imprisonment in the county jail for a period not to exceed one year, or both such fine and imprisonment.

In the case at bar the state alleged that the conduct and activities of the appellants constituted a public nuisance under Ark. Stat. Ann. § 34-101, *supra,* (as alleged in the chancery case), and also constituted a nuisance under Ark. Stat. Ann. § 41-3207 (Repl. 1964) which provides as follows:

"The operation of a house of ill fame, a bawdy house, a disorderly house or any house for the purpose of assignation or prostitution in this state to which men and women resort for the purpose of prostitution or lewdness, is hereby declared to be a public nuisance, detrimental to public morals and may be abated under the present provisions of law for the suppression of public nuisances."

Apparently the state equates the theater in this case with "so called roadhouses *or other similar places of entertainment*" (emphasis added) under § 34-101; and also takes the position that men and women resorted to the theater involved in this case for the purpose of *lewdness,* thus bringing the theater within the definition of "public nuisance" and subject to abatement as such,

under § 41-3207, *supra*. It will be noted, however, that both statutes specifically define the houses referred to therein and obviously do not refer to, or include, movie theaters where lewd films are shown, and as pointed out in the above quote from our opinion on April 9 in the chancery court case, penal statutes must be strictly construed.

The appellee calls attention to our decision in *Vandergriff* v. *State*, 239 Ark. 1119, 396 S.W. 2d 818, and *State, Ex Rel. Atty Gen.* v. *Karston*, 208 Ark. 703, 187 S.W. 2d 327, wherein we approved the abatement of gambling houses as public nuisances. But as pointed out in *Karston*, the operation of a gambling house is not only a felony under our statutes, but gambling houses were public nuisances under the common law. No such rule applies to theaters.

While we recognize that in recent years the floodgates have been opened wide to the flow of obscene materials, including moving picture film, into the stream of interstate commerce, we are not impressed by the testimony of the psychologist who testified for the appellants in the case at bar. This testimony was to the effect that such filmed scenes of sexual orgies described by the witnesses in this case,[1] may be considered as educational and conducive to happy marital relationship when viewed together by normal married couples. We base this opinion, however, on the fact that when the Legislature enacted § 41-2729, *supra*, with the attending penalties, it did not designate theaters where such films are shown as public nuisances as was done in the unlawful operation of roadhouses, tourist camps, dance halls and nudist camps under § 34-101, and houses of ill fame, bawdy houses, disorderly houses and houses for the purpose of assignation and prostitution under § 41-3207, *supra*.

We have no alternative, therefore, but to reverse the judgment of the trial court and relegate the state to its remedy provided by Ark. Stat. Ann. § 41-2729, *supra*, et seq.

---

1. The witnesses for the state who viewed the films described some of them as depicting acts of sodomy and all forms of sexual perversion and deviation being engaged in by more than two individuals at the same time.